United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America,<br><br>v.<br><br>Rosnil Ortiz,<br><br>　　　　Defendant. | )<br>)<br>)<br>)  Criminal Action No.<br>)  22-10257-NMG<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

This case arises from a parking lot fight in Revere, Massachusetts. Defendant Rosnil Ortiz ("Ortiz" or "defendant") has been indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The indictment also includes a firearm forfeiture allegation pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

I. **Background**

The government alleges that, in May, 2022, defendant was part of a confrontation at a club parking lot in a near-Boston community. Revere Police Department officers were called to the scene, at which point several males (including Ortiz) fled. Defendant was ordered to stop but he broke free from an officer, threw a punch at him and ran to a nearby automobile. The officers pursuing him were able to open the passenger-side door and observed Ortiz attempting to retrieve a handgun from the

1

middle console.  One officer was able to knock the handgun out of defendant's hand and remove him from the vehicle.  The firearm was recovered and identified as a Smith & Wesson .380 caliber semi-automatic handgun.  It was loaded with eight rounds of .380 caliber ammunition and later identified as a weapon stolen in Knoxville, Tennessee in April, 2022. Defendant was arrested at the scene.

Ortiz was previously convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) by another session of this Court in December, 2019.  He was sentenced to 78 months of incarceration to be followed by 4 years of supervised release but had recently been released from custody at the time of the incident.

In September, 2022, a grand jury returned the indictment.

## II. **Motion to Dismiss**

Defendant moves to dismiss the felon in possession charge under 18 U.S.C. § 922(g)(1) as unconstitutional under the Second Amendment both facially and as-applied to his circumstances.

The United States Supreme Court affirmed that the Second Amendment encompasses an individual right to bear arms for the purpose of self-defense in District of Columbia v. Heller. 554 U.S. 570 (2008).  The Court recognized, however, that "the right secured by the Second Amendment is not unlimited" and that the Second Amendment does not imply a "right to keep and carry any

weapon whatsoever in any manner whatsoever and for whatever purpose." Heller, 554 U.S. at 626.

Following Heller, the Courts of Appeals uniformly adopted means-ends tests that often resulted in the application of an intermediate form of scrutiny. See, e.g., Worman v. Healey, 922 F.3d 26 (1st Cir. 2019). Two years ago, in New York State Rifle & Pistol Ass'n v. Bruen, the Supreme Court cast aside means-ends scrutiny in favor of a text and history test. 597 U.S. 1 (2022). That approach requires courts to assess whether the challenged statute is covered by the text of the Second Amendment and, if so, whether that statute is "consistent with this Nation's historical tradition of firearm regulation." Id. at 33; see also Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 43 (1st Cir. 2024). The historical analysis need not discover a

> historical twin...[but courts] must instead employ analogical reasoning to determine whether historical analogues are relevantly similar.

Ocean State Tactical, LLC, 95 F.4th at 44 (quoting Bruen, 597 U.S. at 28, 30) (internal quotations omitted).

The analogical reasoning test in Bruen has begotten a litany of challenges to federal criminal laws involving firearms. See, e.g., United States v. Florentino, 2023 WL 7036314, at * 2 (D. Mass. Oct. 26, 2023). Some have prevailed. See, e.g., United States v. Bullock, 2023 WL 4232309 (S.D. Miss. Jun. 28, 2023). Courts have, however, uniformly rejected facial

3

challenges to 18 U.S.C. § 922(g)(1). See, e.g., United States v. Canada, 2024 WL 2807182, at *1 (4th Cir. Jun. 3, 2024) ("[t]he law of the Second Amendment is in flux...in the wake of New York State Rifle & Pistol Ass'n, Inc. v. Bruen. But the facial constitutionality of Section 922(g)(1) is not one of them. Indeed, no federal appellate court has held that Section 922(g)(1) is facially unconstitutional."). This Court will follow suit.

The Court also rejects defendant's as-applied challenge. As defendant readily concedes, the First Circuit Court of Appeals ("First Circuit") has held that drug dealing, the basis of defendant's prior felony conviction, is "notoriously linked to violence." United States v. Torres-Rosario, 658 F.3d 110, 113 (1st Cir. 2011). Federal courts post-Bruen have reaffirmed that

> Legislatures historically prohibited [firearm] possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed.

United States v. Jackson, 69 F.4th 495, 504 (8th Cir. 2023). It is pellucid that individuals convicted of drug-trafficking felonies fall into a category of persons who, by historical tradition, pose heightened risks to society if armed. The motion to dismiss will be denied.

ORDER

For the foregoing reasons, the motion of defendant, Rosnil Ortiz, to dismiss the indictment (Docket No. 73) is **DENIED**.

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                               Nathaniel M. Gorton
                                               United States District Judge

Dated: July 1, 2024